

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, TEXAS

United States District Court
Southern District of Texas

OCT 1 1 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| RAUL HERNANDEZ PANTOJA ) | |
| Petitioner/Plaintiff ) | |
| ) | |
| v. ) | C.A. No. **B-02-197** |
| ) | |
| JOHN ASHCROFT, ) | |
| ATTORNEY GENERAL ) | |
| OF THE UNITED STATES; ) | **PETITION FOR WRIT** |
| CHARLES R. ARENDALE, ACTING ) | |
| DISTRICT ) | **OF HABEAS CORPUS** |
| DIRECTOR OF THE UNITED STATES ) | |
| IMMIGRATION AND ) | |
| NATURALIZATION SERVICE; ) | |
| Respondents/Defendants ) | |
| ───────────────────────────) | |

COMES NOW Petitioner/Plaintiff, Raul Hernández Pantoja, by and through his

attorney of record, Jodi Goodwin, and files the instant Petition for Writ of Habeas

Corpus, seeking review of the administrative determination, dated June 21st 2002,

ordering him removed from the United States.

In support of this Petition, Petitioner/Plaintiff, alleges as follows:

### NATURE OF ACTION

1.      This is an action for declaratory relief and preliminary and permanent injunctive

relief stemming from an Immigration and Naturalization Service, ("INS"), decision

ordering Mr. Hernández removed from the United States.

### JURISDICTION

2.      This Court has *habeas corpus* jurisdiction pursuant to 28 U.S.C. §2241 *et seq.*,

Art I, §9, Cl. 2 of the United States Constitution ("Suspension Clause"), and the common

law. This Court also has jurisdiction pursuant to 28 U.S.C. §2201 *et seq.*, and the All

Writs Act, 28 U.S.C. §16571. The Court reviews the legal determinations of the INS *de novo*. Review is not limited to Constitutional questions, but even assuming, *arguendo*, that is was so limited, a number of constitutional questions are presented herein. The Fifth Circuit has taken an expansive interpretation of what constitutes a Due Process violation. *Anwar v INS,* 116 F.3d 140, (5th Cir. 1997). This case involves serious constitutional dimensions.

3.     This is a suit against the United States government; jurisdiction is based on the party being sued.

4.     The jurisdictional limitations on judicial review put into place by the Illegal Immigration and Immigrant Responsibility Act of 1996 (IIRIRA), and codified at 8 U.S.C. §1252(g), do not apply to the instant case. This case does not arise from "the decision of the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," but from the Board of Immigration Appeals' ("BIA"), cursory and vague review of the decision of the Immigration Judge, ("IJ"), which amounted to a denial of due process. 8 U.S.C. §1252(g) is interpreted narrowly, and does not apply here. *Reno v American-Arab Anti-Discrimination Committee,* 119 S.Ct. 936 (1999).

## VENUE AND INTRADISTRICT ASSIGNMENT

5.     Venue is proper in this judicial district, pursuant to 28 U.S.C. §1391, in that Mr. Hernández is subject to detention based upon an order of removal that was entered against him in this district. *See:* 28 U.S.C. §2241 *et seq.*

## PARTIES

6.      Mr. Hernández is a native and citizen of Mexico, subject to a final administrative order of removal, and in the constructive custody of the INS.

7.      Respondent/Defendant John Ashcroft is sued in his official capacity as Attorney General of the United States. In this capacity, he has the responsibility for the administration of the immigration laws pursuant to 8 U.S.C. §1103 and is a legal custodian of Mr. Hernández. *205 F.3d 194, 195.*

8.      Respondent/Defendant Charles R Arendale is sued in his official capacity as Acting District Director of the Harlingen District of the INS. In this capacity, he is empowered to carry out the order of removal against Mr. Hernández, and has stated, through his agents, that he is prepared to do so; he is also a legal custodian of Mr. Hernández. *Ibid.*

## GENERAL ALLEGATIONS

9.      Mr. Hernández became a Lawful Permanent Resident, ("LPR"), of the United States on December 1st, 1990. He has one United States citizen son.

10.     On February 11th 1988, in the 248th District Court of Harris County, Texas, Mr. Hernández was given 7 years probation, and ordered to pay a $500.00 fine and court costs after entering a plea of guilty to unauthorized use of a motor vehicle.

11.     On August 15th 1997, in the 148th District Court in Nueces County, Texas, Mr. Hernández was sentenced to seven years community supervision for possession of marijuana.

12.     The INS subsequently initiated removal proceedings and charged Mr. Hernández with being inadmissible and therefore removable from the United States pursuant to 8

USC § 1227(a)(2)(B)(i), specifically, as an alien who has been convicted of an offense relating to a controlled substance.

13.    On April 10th 2001, the Immigration Judge, ("IJ"), found Mr. Hernández removable as alleged in the NTA and ineligible for relief from removal. The IJ pretermitted Mr. Hernández application for relief pursuant to 8 USC §1229(b) after he found that Mr. Hernández conviction for unauthorized use of a motor vehicle was a conviction for an aggravated felony. *See* 8 USC §1229(b)(3). The IJ never made any findings as to the effect of Mr. Hernández conviction for possession of marijuana on the ground of removability alleged in the NTA.

14.    Mr. Hernández reserved his right to appeal the decision of the IJ and timely filed a Notice of Appeal before the BIA.

15.    Mr. Hernández urged the BIA that his conviction for unauthorized use of a motor vehicle could only be considered an aggravated felony through retroactive application of the amended definition of the term, found at 8 USC §1101(a)(43)(G). He further asserted that BIA precedent decisions clearly established that unauthorized use of a motor vehicle under the Texas Penal Code is not an aggravated felony.

16.    The Immigration Act of 1990, the controlling immigration statute on the date of Mr. Hernández conviction, does not include unauthorized use of a vehicle as an aggravated felony, and imposes temporal limitations on the definition. Had Mr. Hernández been placed in proceedings any time prior to 1997, his conviction would not have been an aggravated felony. Because unauthorized use of a vehicle is not considered a crime involving moral turpitude, Mr. Hernández would not have been rendered deportable as a result of his conviction in 1988. *See Matter of M*, 2 I&N 686 (BIA 1946).

17.     Notwithstanding any temporal limitations, however, IIRAIRA § 321(c) establishes that the new definition of aggravated felony, "can reach back to encompass any conviction, regardless of when it occurred." *See Matter of Troung,* Interim Decision 3416, (BIA 2000) at 9.

18.     In Mr. Hernández' case however, the aggravated felony definition must be applied to an offense which was not an aggravated felony until 9 years after it's commission, and for which he would not have even been deportable on the date of his plea. The BIA has never gone so far as to say that an offense which did not fall within the definition of aggravated felony when IIRAIRA was enacted, and for which a non-citizen would not have been deportable must necessarily be included in IIRAIRA's retroactivity provisions.

19.     Therefore, Mr. Hernández urged the BIA, his conviction for unauthorized use of a motor vehicle is not an aggravated felony because the definition of conviction for an aggravated felony did not apply and he would not have been rendered deportable on the date of conviction.

20.     Mr. Hernández also submitted that the BIA decision cited by the IJ in finding that his conviction was an aggravated felony relied on §10851A of the California Penal Code, which is clearly distinguishable from §31.07 of the Texas Penal Code, ("TPC"), under which Mr. Hernández was convicted.

21.     In *Matter of VZS,* Interim Decision 3434 (BIA 2000), the BIA decision upon which the IJ based his finding that Mr. Hernández conviction for unauthorized use of motor vehicle was an aggravated felony, the respondent was convicted for unlawful

driving or taking of a vehicle under §10851(A) of the California Vehicle Code which

states, in relevant part:

> Any person who drives or takes a vehicle not his own, without the consent
> of the owner thereof, and with intent either to temporarily or permanently deprive
> the owner thereof of his or her title to or possession of the vehicle, whether with or
> without intent to steal the vehicle…is guilty of a public offense…"

In that case, the IJ found that a conviction under §10851 of the California Vehicle

Code was not an aggravated felony. *VZS, supra,* at 12.

22.      The BIA disagreed, citing a Ninth Circuit decision, *United States v Pittman,* 441

F.2d 1098 (9th Cir. 1971), which held that "theft includes all takings with a criminal

intent to deprive the owner of the rights and benefits of ownership." 441 F.2d 1098, 1099.

"We agree with the principle, articulated by the Ninth Circuit, that theft is established

whenever there is an intent to deprive the owner of the rights and benefits of ownership."

*VSZ, supra,* at 15.

23.      The decision further clarified the BIA's view that intent to deprive the owner of

property is a necessary element of any theft offense charged as an aggravated felony for

purposes of removability.

> §10851A is neither a strict liability nor a regulatory offense. It does not
> punish the mere possession of a vehicle not one's own or a misunderstanding or
> mistake that has lead to such possession. A conviction requires a driving or taking,
> without the owner's consent, coupled with a specific intent to deprive the owner of
> title and/or possession, either temporarily or permanently…Any such taking, on it's
> face, can be said to "deprive the owner of the rights and benefits of ownership,
> regardless of whether or not the theft constitutes larceny under the common law.
> We believe that such deprivation of ownership interests, sufficient to bring conduct
> within the scope of the Dyer Act, is likewise sufficient to bring the conduct within
> INA §101(a)(43)(G)."

> *VSZ, supra* at 15-16. (internal citations omitted).

24.    TPC §31.07, the statute under which Mr. Hernández was convicted, states, in

relevant part: (a) A person commits an offense if he intentionally or knowingly operates

another's...motor propelled vehicle without the effective consent of the owner."

The Texas statute can be distinguished from the California statute because intent

to deprive is unnecessary for a finding of guilt. The BIA recognizes that a theft offense is

an aggravated felony when the defendant's conduct is coupled with the aim of denying

the lawful holder the use of his or her conveyance. One may be convicted under the

Texas statute by driving without the consent of the owner, yet absent any plan to

withhold the vehicle from the owner's possession or control. An individual who moved a

neighbor's vehicle which was blocking his or her driveway could be convicted under the

statute. The Texas statute proscribes anyone from *operating* a vehicle without the owners

consent. Because the word "operate" has been given a broad definition by the Texas

Court of Appeals, one could be convicted of unauthorized use of a vehicle if he or she

changed a flat tire or filled the overheated radiator of a vehicle without the owner's

consent.

25.    Mr. Hernández urged the BIA to remand his matter to the IJ in order to permit him

to apply for relief pursuant to 8 USC §1229(b), Cancellation of Removal for Certain

Permanent Residents.

26.    On June 21st 2002, the BIA dismissed Mr. Hernández appeal, yet found that his

conviction for unauthorized use of motor vehicle was not an aggravated felony.

Nevertheless, the BIA concurred with the result reached by the IJ, concluding that Mr.

Hernández was ineligible for relief from removal due to his conviction for possession of

marijuana pursuant to it's rulings in *Matter of Salazar,* 23 I&N 223, (BIA 2002), and

*Matter of Yanez*, 23 I&N 390, (BIA 2002). Both of those decisions were rendered

subsequent to the date of the IJ's order of deportation in Mr. Hernández' case.

27.      It is deeply imbedded in the jurisprudence of the United States Supreme Court

that fair notice of the conduct which subjects one to punishment, and the severity of the

consequences as a result of a finding of guilt are required under the due process clause of

the 5th amendment to the United States Constitution.  *BMW of North America, Inc., v*

*Gore*, United States Supreme Court 1996.

28.      The Supreme Court has recently emphasized that due process must be afforded to

non-citizens in removal proceedings, especially when a non-citizen reasonably relied on

the state of the law when he or she waived constitutional rights and pled guilty.

*Immigration and Naturalization Service v St. Cyr*, 121 S. Ct. 2271, 2290.

29.      Even though a removal proceeding is civil, and not criminal, the Supreme Court

found that when a non-citizen reasonably relies on the state of the law and pleads guilty

the possibility for relief in any future immigration proceeding is certainly an important

factor in reaching such a decision:

> "(A)lthough we have characterized deportation as look[ing] prospectively to
> the respondents right to remain in this country in the future, *INS* v. *Lopez Mendoza*,
> <u>468 U.S. 1032, 1038</u> (1984), we have done so in order to reject the argument that
> deportation is punishment for past behavior and that deportation proceedings are
> therefore subject to the various protections that apply in the context of a criminal
> trial. *Ibid.* As our cases make clear, the presumption against retroactivity applies far
> beyond the confines of the criminal law. See *Landgraf*, <u>511 U.S., at 272</u>. And our
> mere statement that deportation is not punishment for past crimes does not mean
> that we cannot consider an aliens reasonable reliance on the continued availability
> of discretionary relief from deportation when deciding whether the elimination of
> such relief has a retroactive effect.

21 S Ct. 2271, 2291.

30.    Even though the definition of conviction is not retroactively applied in his case, if he is found removable as a result of a conviction for an aggravated felony, Mr. Hernández will be subject to permanent banishment from the United States. Due to the BIA's decision in *Salazar Regino, supra*, Mr. Hernández is foreclosed from being considered for relief from removal. *See also In re Yanez García, supra.*

31.    This ruling is fundamentally unfair in it's effect, because when Mr. Hernández applied for Cancellation of Removal, the BIA had not yet held that possession of marijuana was an aggravated felony. The IJ erroneously concluded that Mr. Hernández conviction for unauthorized use of a vehicle was an aggravated felony which rendered him ineligible for Cancellation. Therefore, Mr. Hernández was denied an opportunity to apply for relief for which he was eligible under the state of the law on the date he requested that relief. By the time the BIA found that unauthorized use of a vehicle was not an aggravated felony, the BIA had already ruled that possession of marijuana was an aggravated felony in *Salazar Regino, supra* and *In re Yanez García, supra* .

32.    Mr. Hernández had no notice that relief would be foreclosed, and the severity of the consequences in immigration proceedings far outstrip the criminal sanction he received. Even though a removal proceeding is civil in nature, the result is fundamentally unfair and violative of due process.

## EXHAUSTION

33.    Mr. Hernández has exhausted his administrative remedies. The Fifth Circuit has upheld statutory provisions precluding a direct appeal in the case of an individual whose

application for relief has been denied as a matter of discretion. INA § 242(a)(2)(c). His sole remaining remedy is by writ of this petition for habeas corpus.

## RIGHT TO JUDICIAL INTERVENTION

34.     Mr. Hernández realleges and incorporates by reference each and every allegation of paragraphs 1-33 herein.

35.     By this Petition and Complaint, Mr. Hernández alleges grave constitutional errors. His removal would constitute a manifest miscarriage of justice.

36.     Mr. Hernández has a right to judicial intervention, and this Court has jurisdiction over his petition and complaint, pursuant to 28 U.S.C. §2241, which is a general grant of habeas jurisdiction bestowed on the federal district courts.

37.     Mr. Hernández is also entitled to review under the common law and as a matter of constitutional right. The Writ of Habeas Corpus is guaranteed by the Constitution and cannot be suspended except where "in Cases of Rebellion or Invasion the Public Safety may require it." U.S. Constitution Art. I, §9, Cl. 2 (Suspension Clause).

## IRREPERABLE HARM AND PREJUDICE

38.     Mr. Hernández is currently subject to a final administrative order, and is subject to immediate removal from the United States. If he is removed, he will irrevocably lose his legal right to remain in the United States, where he has lived for more than 10 years. If he is removed to Mexico, he will suffer harm, including, but not limited to, separation from his United States citizen son, reduction in his ability to provide for his son, and psychological distress.

## FIRST CLAIM FOR RELIEF
(Due Process violation)

39.    Mr. Hernández realleges and incorporates by reference each and every allegation of paragraphs 1-38 herein.

40.    The BIA's review of the decision of the IJ did not comport with the standards promulgated by the Fifth Circuit in *Diaz Resendez v INS,* 960 F.2d 493, (5th Cir. 1992) and *Rodriguez Gutierrez v INS,* 59 F.3d 504 (5th Cir. 1995), thereby denying Mr. Hernández due process. In both cases, the Fifth Circuit held that "the BIA must meaningfully address all relevant material factors." 960 F.2d 493, 495, 59 F.3d 504, 508. The BIA abuses discretion when it fails to articulate it's reasoning and demonstrate that significant consideration was given to all positive and negative factors found in the record. *See also Luciano Vincente v INS,* 786 F.2d 706 (5th Cir. 1986).

## SECOND CLAIM FOR RELIEF

### (Due Process Violation)

41.    Mr. Hernández realleges and incorporates by reference each and every allegation of paragraphs 1-40 herein.

42.    Mr. Hernández' Due Process rights were violated by the Government in these proceedings, including, without limitation, his right to apply for relief in the form of Cancellation of Removal for Certain Permanent Residents pursuant to 8 USC §1229(b).

43.    Because the Immigration Judge erroneously found that he had been convicted of an aggravated felony, Mr. Hernández was denied an opportunity to apply for statutorily available relief, for which he was otherwise eligible.

44.     In the Immigration context, prejudice results, *inter alia*, where, as here, the

procedures utilized erroneously deprive the individual of the opportunity to present his or

her case, and be heard, *Matter of Ruiz,* 20 I&N Dec. 91, 92, (BIA 1989).

### THIRD CLAIM FOR RELIEF

45.     Even though the definition of conviction is not retroactively applied in his case, if

he is found removable as a result of a conviction for an aggravated felony, Mr. Martínez

will be subject to permanent banishment from the United States. Because the BIA has

chosen to follow the ruling of the 5th Circuit in *Hernández Avalos, supra,* Mr. Hernandez

is foreclosed from being considered for relief from removal, and cannot rely on the

ameliorative effect of the Federal First Offender Act to avoid expulsion.  This ruling is

fundamentally unfair in it's effect, because it denies him equal protection under the laws.


45.     In *Salazar Regino, supra,* the BIA found that a non citizen who has pled guilty to

simple possession of a controlled substance and whose case arises within the 5th Circuit

has been convicted of an aggravated felony and is ineligible for relief from removal.  In

the 1st, 2nd, 3rd, 4th, 6th, 7th, 8th, and 10th Circuits, a similarly situated non-citizen may

eligible for discretionary relief. According to the ruling of the BIA in *Salazar Regino,*

*supra,* a non-citizen who has a sole conviction for simple possession of a controlled

substance would not even be removable if the matter fell within the jurisdiction of the 9th

Circuit. *Lujan Armendariz, supra.*

46.     These rulings in *Salazar Regino, supra* and *Yanez Garcia, supra,* result in a gross

inequity when applied to a non-citizen whose removal proceedings arise within the 5th

Circuit: First, even if adjudication was deferred, the respondent is still removable as a

result, although the criminal conviction has been or will be expunged. Second, the BIA

has applied *dicta* from the 5th Circuit's decision in *Hernández Avalos, supra,* a case

which analyzed the United States Sentencing Guidelines, and found that a single

conviction for an offense relating to a controlled substance is an aggravated felony, thus

foreclosing any relief to such a person. Discretionary relief thus foreclosed places any

non-citizen who has been arrested for a controlled substance offense in the 5th Circuit in

an unfairly precarious position

FOURTH CLAIM FOR RELIEF

47.     Mr. Hernández realleges and incorporates by reference each and every allegation

of paragraphs 1-46 herein.

48.     An actual and substantial controversy has arisen and now exists between the

parties relating to their respective legal rights and duties, including without limitation and

finding Mr. Hernández removable as an aggravated felon, that Mr. Hernández is

ineligible for relief, and that Mr. Hernández was not denied of his due process right to be

heard.

49.     Declaratory relief is necessary in that, as described herein, Mr. Hernández

contends and Respondents/Defendants deny that the Immigration Judge improperly

determined that Mr. Hernández was removable as an aggravated felon, improperly

ordered him removed from the United States, and unconstitutionally violated his Due

Process right to be heard.

PRAYER

WHEREFORE, Petitioner/Plaintiff, respectfully prays this Court to:

1.      Assume jurisdiction over this matter;

2.      Declare that the administrative determination that Mr. Hernández is removable as an aggravated felon is null and void for use of procedures contrary to law and in violation of his constitutional rights;

3.      Issue a writ of habeas corpus directed at Respondents/Defendants to vacate their finding that Mr. Hernández was removable as an aggravated felon, and remand this matter to the INS for further proceedings;

4.      Issue a permanent injunction enjoining Respondents /Defendants and their agents and/or subordinates from removing Mr. Hernández from the United States, or changing his custody status; and

5.      Grant such further relief as this Court deems just and proper.

## CERTIFICATE OF CONFERENCE

The undersigned has spoken with Flavio Escobar, Assistant District Counsel, US INS, in the absence of Lisa Putnam, Special Assistant U.S. Attorney, about the instant case and he has been made aware of the filing of this case this day.

Respectfully submitted,

Jodi Goodwin
Attorney for Petitioner/Plaintiff
Fed. ID: 20102
State Bar No.  00793835

Law Office of Jodi Goodwin
1322 East Tyler Avenue
Harlingen, Texas, 78550
956 428 7212
956 428 7360 (fax)

## VERIFICATION

I, Jodi Goodwin, certify that I am familiar with the facts as stated above, and that they are true and correct to the best of my knowledge and belief.



Jodi Goodwin

## CERTIFICATE OF SERVICE

I certify that a courtesy copy of the foregoing, with Exhibits, was personally

delivered to the Office of the United States Attorney, in Brownsville, Texas, on this the

11th day of October, 2002.

Jodi Goodwin

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, TEXAS

RAUL HERNANDEZ PANTOJA          )
          Petitioner/Plaintiff     )
                                    )
v.                              )          C.A. No.
                                    )
JOHN ASHCROFT,                  )
ATTORNEY GENERAL                )
OF THE UNITED STATES;           )          **EXHIBIT A**  B - 02 - 197
CHARLES R. ARENDALE, ACTING     )
DISTRICT OF THE UNITED STATES   )
IMMIGRATION AND                 )
NATURALIZATION SERVICE;         )
          Respondents/Defendants   )
_____ )

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A90 345 430 - Harlingen

Date:   JUN 21 2002

In re: RAUL HERNANDEZ-PANTOJA

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Jodi Goodwin, Esquire

ON BEHALF OF SERVICE:    Mark R. Whitworth
                          Assistant District Counsel

CHARGE:

   Notice:   Sec.  212(a)(2)(A)(i)(II), I&N Act [8 U.S.C. § 1182(a)(2)(A)(i)(II)] -
             Controlled substance violation

APPLICATION:   Cancellation of removal


ORDER:

   PER CURIAM.  We affirm the Immigration Judge's determination that the respondent is removable as charged and ineligible for the relief sought.  We conclude, however, that the respondent is ineligible for the relief of cancellation of removal based on his felony marijuana conviction, rather than his conviction for unauthorized used of a motor vehicle.  Given the lack of detailed information in the record regarding the circumstances of that crime, we are not persuaded that the latter conviction involved a "theft" within the parameters of our holding in *Matter of V-Z-S-*, 22 I&N Dec. 1338 (BIA 2000).  However, since the respondent's drug conviction is an aggravated felony, he is ineligible for the relief he seeks.  *See Matter of Yanez*, 23 I&N Dec. 390 (BIA 2002); *Matter of Salazar*, 23 I&N Dec. 223 (BIA 2002).

FOR THE BOARD